# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                              )
PEERLESS NETWORK, INC.,        )
                             )  **ECF Case**
            Plaintiff,    )
                             )
        v.                )  Civ. No. 17 CV 1725 (JPO)
                             )
BLITZ TELECOM CONSULTING,   )
LLC, LOCAL ACCESS, LLC, AND  )
NEIL ROSENBLIT,             )
                             )
           Defendants.   )
_____)

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
## OF THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE,
## FOR MORE DEFINITE STATEMENT, OR TO TRANSFER
## VENUE PURSUANT TO 28 U.S.C. § 1404

VALLIERE LLC
43 West 43rd Street, Suite 70
New York, New York 10036
(212) 755-5219 Telephone
(973) 542-8486 Facsimile

Attorneys for Defendants

## <u>TABLE OF CONTENTS</u>

**<u>Page</u>**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

FACTUAL BACKGROUND.................................................................................................. 2

ARGUMENT ......................................................................................................................... 4

POINT I
     DEFENDANTS ARE NOT SUBJECT
     PERSONAL JURISDICTION IN NEW YORK ................................................................ 4

     A.    Defendants Are Not Subject to General
          Personal Jurisdiction In The State of New York .................................................... 5

     B.    Defendants Are Not Subject To Specific Personal
          Jurisdiction In The State of New York For Plaintiff's Claims ............................. 7

          1.    Plaintiff Has Not Alleged Facts to Support
                Specific Jurisdiction Pursuant to CPLR 302(a)(1)..................................... 8

          2.    Plaintiff Has Not Alleged Facts to Support
                Specific Jurisdiction Pursuant to CPLR 302(a)(2)..................................... 9

          3.    Plaintiff Has Not Alleged Facts to Support
                 Specific Jurisdiction Pursuant to CPLR 302(a)(3)..................................... 9

POINT II
     ALTERNATIVELY, THE COURT SHOULD DISMISS
     PLAINTIFF'S CLAIMS PURSUANT TO FED. R. CIV. PR. RULE 12(B)(6) .............. 10

POINT III
     ALTERNATIVELY, THE COURT SHOULD REQUIRE PLAINTIFF TO
     PROVIDE A MORE DEFINITE STATEMENT PURSUANT TO RULE 12(E) .......... 14

POINT IV
     ALTERNATIVELY, THE COURT SHOULD DISMISS
     PLAINTIFF'S CLAIMS PURSUANT TO RULE 12(B)(3) ........................................... 15

POINT V
     ALTERNATIVELY, THE COURT SHOULD TRANSFER THIS ACTION
     TO THE MIDDLE DISTRICT OF FLORIDA PURSUANT TO 28 U.S.C. § 1404 ....... 16

CONCLUSION.................................................................................................................... 18

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Affinity Labs of Tex. v. DIRECTV, LLC*,
   838 F.3d 1253, 2016 U.S. App. LEXIS 17371,
   120 U.S.P.Q.2D (BNA) 1201 (Fed. Cir. Sept. 23, 2016) ....................................... 14

*Allojet PLC v. Vantage Associates*,
   No. 04-CV-5223, 2005 U.S. Dist. LEXIS 4006,
   2005 WL 612848 (S.D.N.Y. Mar. 15, 2005) ....................................................... 5

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ................................. 11

*Balance Point Divorce Funding, LLC v. Scrantom*,
   978 F. Supp. 2d 341 (S.D.N.Y. 2013) ............................................................. 16

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)................................... 11

*Bensusan Rest. Corp. v. King*,
   126 F.3d 25 (2d Cir. 1997)............................................................................ 9

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
   21 F.3d 1558 (Fed. Cir. 1994) ....................................................................... 10

*BMC Res., Inc. v. Paymentech, L.P.*,
   498 F.3d 1373 (Fed. Cir. 2007) ..................................................................... 12

*C.R. Bard, Inc. v. Adv. Cardiovascular Sys., Inc.*,
   911 F.2d 670 (Fed Cir. 1990) ....................................................................... 12

*Capmark Fin. Grp. Inc. v. Goldman Sachs Credit Partners L.P.*,
   491 B.R. 335 (S.D.N.Y. 2013)....................................................................... 11

*Cortlandt Street Recovery Corp. v. Deutsche Bank AG, London Branch*,
   No. 14-CV-01568, 2015 U.S. Dist. LEXIS 114533,
   2015 WL 5091170 (S.D.N.Y. Aug. 28, 2015)............................................ 4, 5, 6, 7

*Daimler AG v. Bauman*,
   134 S. Ct. 746, 187 L. Ed. 2d 624 (2014) .................................................. 5, 6, 7

*Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*,
   928 F. Supp. 2d 735 (S.D.N.Y. 2013) ............................................................. 5

*Famular v. Whirlpool Corp.*,
   2017 U.S. Dist. LEXIS 8265 (S.D.N.Y. Jan. 19, 2017) ....................................... 7

*French Transit v. Modern Coupon Sys.*,
   858 F. Supp. 22 (S.D.N.Y. 1994) .................................................................. 15

*Goldman v. Belden*,
   754 F.2d 1059 (2d Cir. 1985) ...................................................................... 11

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011) ...................................... 7

*Gulf Ins. Co. v. Glasbrenner*,
   417 F.3d 353 (2d Cir. 2005) .......................................................................... 15

*Jazini v. Nissan Motor Co.*,
   148 F.3d 181 (2d Cir. 1998) ............................................................................ 5

*Jonas v. Estate of Leven*,
   116 F. Supp. 3d 314 (S.D.N.Y. 2015) .............................................................. 4

*MacDermid, Inc. v. Deiter*,
   702 F.3d 725 (2d Cir. 2012) ............................................................................ 4

*McCarthy v. Dun & Bradstreet Corp.*,
   482 F.3d 184 (2d Cir. 2007) .......................................................................... 10

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*,
   420 F.3d 1369 (Fed. Cir. 2005) .................................................................... 12

*Mende v. Milestone Tech.*, Inc.,
   269 F. Supp. 2d 246 (S.D.N.Y. 2003) .............................................................. 8

*Minn. Mining & Mfg. Co. v. Chemque, Inc.*,
   303 F.3d 1294 (Fed. Cir. 2002) .................................................................... 12

*Minnette v. Time Warner*,
   997 F.2d 1023 (2d Cir. 1993) ........................................................................ 15

*Multiwave Sensor Inc. v. Sunsight Instruments, LLC*,
   2017 U.S. Dist. LEXIS 64404,
   Civ. No. 16-cv-1361 (GHW) (S.D.N.Y. April 26, 2017) .............................. 16-17

*New Asia Enters. Ltd.*,
   2014 U.S. Dist. LEXIS 112438, 2014 WL 3950901 ...................................... 16

*NTP, Inc. v. Research In Motion, Ltd.*,
   418 F.3d 1282 (Fed. Cir. 2005) .................................................................... 12

*Paone* v. *Broadcom Corp.*,
   2015 U.S. Dist. LEXIS 109725, 2015 WL 4988279, (E.D.N.Y. Aug. 19, 2015) ............... 13

*Pausch Med. GmbH v. Pausch LLC*,
   2015 U.S. Dist. LEXIS 22344, 2015 WL 783365, (S.D.N.Y. Feb. 24, 2015) ................. 18

*Penguin Grp. (USA) Inc. v. Am. Buddha*,
   609 F.3d 30 (2d Cir. 2010) ......................................................................... 4, 5

*Reich v. Lopez*,
   38 F. Supp. 3d 436 (S.D.N.Y. 2014) ................................................................ 6

*Roberts Dairy Co. v. United States*,
   208 Ct. Cl. 830, 530 F.2d 1342 (Ct. Cl. 1976) ............................................... 12

*Sikhs for Justice v. Nath*,
   893 F. Supp. 2d 598, 2012 WL 4328329 (S.D.N.Y. 2012) ........................... 7-8, 9

*Société d'Assurance de l'Est SPRL v. Citigroup Inc.*,
  No. 10 CIV. 4754 JGK, 2011 U.S. Dist. LEXIS 103375,
  2011 WL 4056306 (S.D.N.Y. Sept. 13, 2011)........................................................... 12

*Solow Bldg. Co. v. ATC Assocs., Inc.*,
  175 F. Supp. 2d 465 (E.D.N.Y. 2001) ...................................................................... 15

*Sonera Holding B.V. v. Cukurova Holding A.S.*,
  750 F.3d 221 (2d Cir. 2014) ...................................................................................... 6

*Springer v. U.S. Bank Nat'l Ass'n*,
  No. 15-cv-1107 (JGK), 2015 U.S. Dist. LEXIS 171734,
  2015 WL 9462083 (S.D.N.Y. Dec. 23, 2015) ............................................................ 11

*SPV OSUS Ltd. v. UBS AG*,
  114 F. Supp. 3d 161, 2015 WL 4394955 (S.D.N.Y. 2015) .......................................... 6

*Taormina v. Thrifty Car Rental*,
  2016 U.S. Dist. LEXIS 176673, 2016 WL 7392214 (S.D.N.Y. Dec. 21, 2016) ............ 7

*Tooker v. Guerrera*,
  2011 U.S. Dist. LEXIS 100252, 2011 WL 3949820 (E.D.N.Y. Sept. 6, 2011) ............ 15

*Vita-Mix Corp. v. Basic Holding, Inc.*,
  581 F.3d 1317 (Fed. Cir. 2009) ................................................................................ 12

*Wing Shing Products (BVI), Ltd. v. Simatelex Manufactory Co., Ltd.*,
  479 F. Supp. 2d 388 (S.D.N.Y. 2007) ....................................................................... 10

*Wiwa v. Royal Dutch Petroleum Co.*,
  226 F. 3d 88 (2d Cir. 2000) ....................................................................................... 5

**Statutes**

28 U.S.C. § 1404 ........................................................................................................ 16

28 U.S.C. § 1391 ................................................................................................... 16, 17

28 U.S.C. § 1400 ........................................................................................................ 16

35 U.S.C. § 101 .......................................................................................................... 14

Fed. R. Civ. Pr. Rule 8 ................................................................................................ 11

Fed. R. Civ. Pr. Rule 12 ......................................................................................... 10, 14

N.Y. C.P.L.R. § 301 ..................................................................................................... 5

N.Y. C.P.L.R. § 302 ................................................................................................... 8, 9

Defendants Neil Rosenblit ("Rosenblit"), Blitz Telecom Consulting, LLC ("Blitz") and Local Access, LLC ("Local Access", collectively, "Defendants") respectfully submit this Memorandum of Law in support of their Motion to Dismiss Peerless Network, Inc.'s ("Plaintiff") Complaint dated March 3, 2017 ("Complaint" or "Cmp.") for lack of personal jurisdiction over Defendants, improper venue, and failure to state a claim, alternatively for more definite statement and for transfer to the Middle District of Florida.

## PRELIMINARY STATEMENT

Plaintiff's Complaint is fatally flawed in many respects and should be dismissed without leave to replead and without any jurisdictional discovery.

This action is nothing more than a transparent attempt by Plaintiff to gain leverage over Blitz and Local Access in their ongoing business relationships with Plaintiff, which are, in part, the subject of pending litigation in the Middle District of Florida. The allegations of the Complaint are so vague and conclusory as to be meaningless. Moreover, Plaintiff knows from discovery in the Florida federal court actions that there is no factual basis for many of the allegations in the Complaint. Further, Plaintiff knows that Rosenblit and Blitz are not subject to personal jurisdiction in New York, that Local Access's contacts with New York are not substantial, and that Blitz and Local Access are distinct corporate entities, despite Plaintiff's conclusory allegations "upon information and belief" to the contrary.

Plaintiff compounds its pleading deficiencies by impermissibly grouping all Defendants together so that it is impossible to determine from the Complaint who allegedly did what, when, and where; in fact, the Complaint is devoid of any dates for any alleged infringement. The Complaint contains no factual allegations to support jurisdiction in New York, that an alleged infringement that took place in New York, that establishes Defendants' physical presence in New York, or that Plaintiff suffered any damages Plaintiff in New York. Plaintiff also avoids any

reference in the Complaint to its ongoing contract with Local Access to provide the very services to Local Access about which it now complains, *i.e.* multi-homing tandem access.

In short, the Complaint fails on many levels. Not only should the Court dismiss the Complaint, it should do so without any jurisdictional discovery and without leave to replead. Before filing the Complaint, Plaintiff conducted extensive discovery of Defendants in the Florida litigations and had a multi-year business relationship with Defendants. Additional jurisdictional discovery will add nothing. Clearly, Plaintiff chose to rely on vague, conclusory allegations in the Complaint because Plaintiff knew that accurate factual allegations would be fatal to its claims. As set forth more fully below, Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety.

## **FACTUAL BACKGROUND**

Rosenblit is a Florida resident with no ties to the state of New York, except for some vacationing in New York that took place more than three years ago.[1] Dec. ¶¶ 2-13. Although Rosenblit is the CEO of Blitz, he is not involved in the technical operations or technology decisions of Blitz (or Local Access). *Id.* ¶¶ 16, 39. Blitz is a Florida limited liability company with its principal place of business in the state of Florida. *Id.* ¶ 15. Blitz is a wholesaler of Voice over Internet Protocol. *Id.* ¶ 17. It has no offices, employees, bank accounts, property, equipment, mailing address, or phone listing in the state of New York. *Id.* ¶¶ 18-23. Blitz does not solicit business in New York and does not provide services in the state of New York to its customers. *Id.* ¶¶ 26-29. Blitz makes no routing decisions in the state of New York. Blitz does not provide or use "multi-homing tandem access" in the state of New York or elsewhere. *Id.* ¶¶

---

[1]      Declaration of Neil Rosenblit, dated May 3, 2017, hereinafter "Dec."

29-30. Blitz is not registered to do business in and has not appointed an agent for the service of process in the state of New York. *Id*. ¶¶ 24-25.

Local Access is a Florida limited liability company with its principal place of business in the state of Florida. *Id*. ¶ 38. It has no offices, employees, bank accounts, real property, mailing address, or phone listing in the state of New York. *Id*. ¶¶ 40-43. However, Local Access does have some telecommunication equipment in the state of New York located *at Plaintiff's facility*. ¶ 41. Local Access does not derive any substantial revenue from the state of New York. *Id*. ¶ 47. Local Access makes no routing decisions in the state of New York. *Id*. ¶ 44. Local Access provides "multi-homing tandem access" through Plaintiff pursuant to a Customer Agreement – Homing Tandem Service, effective June 1, 2012. *Id*. ¶ 55. This Agreement was negotiated and executed outside of the state of New York. *Id*. ¶ 31. Local Access is a competitive local exchange carrier that is registered to do business in the state of New York. *Id*. ¶¶ 45-47. Although Local Access does derive some revenue from the state of New York, it is not substantial. *Id*. ¶ 55.

Blitz and Local Access are distinct entities, with separate finances, operations, bank accounts, and vendors. *Id*. ¶ 31. They do not act as each other's agent. *Id*. ¶ 31. Local Access is a vendor of Blitz that invoices Blitz like any other customer of Local Access and Blitz pays Local Access as it does with any other vendor. *Id*. ¶¶ 31-33, 35-36.

Plaintiff is a Delaware corporation headquartered in Chicago, Illinois. Cmp. ¶ 8. Plaintiff does not allege that it does business in the state of New York, has offices in the state of New York or suffered any damages in the state of New York. Plaintiff claims infringement of two patents (the '614 and '112) involving multi-homed exchange and multi-homed tandem access.

Cmp. ¶¶ 13-16. Prior to receiving the Complaint, Defendants had no knowledge of any claim by Plaintiff of infringement of Plaintiff's patents. Dec. ¶ 54.

Local Access and Blitz have ongoing business relationships with Plaintiff. Dec. ¶ 49. Those business relationships have resulted in multiple litigations in the Middle District of Florida before the Honorable Paul G. Bryon. *Id*. ¶¶ 50-53. One of those litigations resulted in a jury verdict in the amount of more than $2.3 million against Plaintiff and in favor of Blitz. *Id*. ¶ 50. The remaining litigations are still pending.

## ARGUMENT

## POINT I

### DEFENDANTS ARE NOT SUBJECT
### PERSONAL JURISDICTION IN NEW YORK

A plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit. *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010). To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a *prima facie* showing of personal jurisdiction over all defendants. *Cortlandt Street Recovery Corp. v. Deutsche Bank AG, London Branch*, No. 14-CV-01568, 2015 U.S. Dist. LEXIS 114533, 2015 WL 5091170, at *2 (S.D.N.Y. Aug. 28, 2015) (Oetken, J.) (*quoting MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012)). Plaintiffs can make such a showing through the submission of affidavits and supporting materials that contain sufficient facts that, if credited, would establish jurisdiction over the defendant. *Cortlandt*, 2015 U.S. Dist. LEXIS 114533, 2015 WL 5091170, at *2. "[A]ll factual doubts or disputes are to be resolved in the plaintiff's favor." *Jonas v. Estate of Leven*, 116 F. Supp. 3d 314, 323 (S.D.N.Y. 2015). However, the Court need not accept as true allegations controverted by the defendant's affidavits, *MacDermid*, 702 F.3d at 727, nor need it accept "a legal conclusion couched as a factual allegation." *Cortlandt*, 2015 U.S.

Dist. LEXIS 114533, 2015 WL 5091170, at *2 (*quoting Jazini v. Nissan Motor Co.*, 148 F.3d

181, 185 (2d Cir. 1998)). *See Allojet PLC v. Vantage Associates*, No. 04-CV-5223, 2005 U.S.

Dist. LEXIS 4006, 2005 WL 612848, at *3 (S.D.N.Y. Mar. 15, 2005) (where a defendant "rebuts

a plaintiff's unsupported allegations with direct, highly specific, testimonial evidence regarding a

fact essential to jurisdiction – and the plaintiff does not counter that evidence – the allegation

may be deemed refuted.") (citation, alterations and internal quotation marks omitted).

Courts may exercise either specific or general jurisdiction over a defendant. *Daimler AG*

*v. Bauman*, 134 S. Ct. 746, 754, 187 L. Ed. 2d 624 (2014). "General jurisdiction renders a

defendant amendable to suit on all claims." *Cortlandt*, 2015 U.S. Dist. LEXIS 114533, 2015 WL

5091170, at *2 (citations omitted). Specific jurisdiction subjects a defendant to suit only on

claims that "arise from conduct related to the forum." *Id*.  Federal courts use the forum state's

personal jurisdiction rules in litigations arising under federal statutes without their own

jurisdictional provisions. *Penguin Grp.*, 609 F.3d at 35. Thus, to determine whether it has

personal jurisdiction, the Court looks to the laws of the state of New York. The Court then

considers whether the exercise of personal jurisdiction is consistent with due process. *See*

*Daimler*, 134 S. Ct. at 751.[2]

### A. Defendants Are Not Subject to General Personal Jurisdiction In The State of New York

Under New York law, "a foreign corporation is subject to general personal jurisdiction in

New York if it is 'doing business' in the state." *Wiwa v. Royal Dutch Petroleum Co*., 226 F. 3d

88, 95 (2d Cir. 2000) (citation omitted). *See* CPLR § 301. A corporation is "doing business" in

---

[2]     The Court can choose to address the motion to transfer venue prior to resolving Defendants'
challenge to personal jurisdiction. *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F.
Supp. 2d 735, 741 (S.D.N.Y. 2013) (granting motion to transfer venue where doubtful that Court had
jurisdiction over certain Defendants).

New York when it conducts business in the state "not occasionally or casually, but with a fair measure of permanence and continuity." *Id*. (citation omitted). Plaintiffs who make a showing of such sustained business activity satisfy the requirements of New York law. *Cortlandt*, 2015 U.S. Dist. LEXIS 114533, 2015 WL 5091170, at *3.

However, to establish general jurisdiction, a plaintiff must also satisfy the requirements of the Due Process Clause. *Daimler*, 134 S. Ct. at 751. As this Court and others have noted, "it is uncertain if New York's 'doing business' jurisdiction remains viable in light of *Daimler*." *Cortlandt*, 2015 U.S. Dist. LEXIS 114533, 2015 WL 5091170, at *3 (citing *Reich v. Lopez*, 38 F. Supp. 3d 436, 454-55 (S.D.N.Y. 2014) (collecting cases)); *see also Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 n.2 (2d Cir. 2014); *SPV OSUS Ltd. v. UBS AG*, 114 F. Supp. 3d 161, 2015 WL 4394955, at *4 (S.D.N.Y. 2015) (Rakoff, J.). "[G]eneral jurisdiction extends beyond an entity's state of incorporation and principal place of business only in the exceptional case where its contacts with another forum are so substantial as to render it 'at home' in that state." *Sonera Holding*, 750 F.3d at 223. After *Daimler*, there are "very limited circumstances" in which a corporation's contacts with a state are sufficient to satisfy this test. *Cortlandt*, 2015 U.S. Dist. LEXIS 114533, 2015 WL 5091170, at *3.

Plaintiff has not alleged facts that, if true, would be sufficient to confer general jurisdiction over any of the Defendants. Plaintiff does not, because it cannot, allege that any of the Defendants are incorporated in, have a principal place of business in, or are domiciled in New York. Nor has Plaintiff alleged contacts with New York so substantial that this is the "'exceptional case' in which a corporation is 'essentially at home' in a foreign forum." *SPV OSUS*, 114 F. Supp. 3d 1612015 WL 4394955, at *4 (*citing Daimler*, 134 S. Ct. at 761 n.19). Rosenblit and Blitz conduct no business in the state of New York and have no ties to the state of

New York. Dec. ¶¶ 2-12, 18-30. Although Local Access derives some revenue from the state of New York and acts as a local exchange carrier there, these facts are not enough for Local Access to be "essentially at home" in the state of New York. *See Taormina v. Thrifty Car Rental*, 2016 U.S. Dist. LEXIS 176673, *13-20, 2016 WL 7392214 (S.D.N.Y. Dec. 21, 2016) (finding no general jurisdiction over Hertz despite hundreds of offices and large volume of sales in the state of New York). After *Daimler*, even Local Access' registration to do business and appointment of an agent for service of process in the state of New York is insufficient to constitute consent to general jurisdiction.  *See Taormina*, 2016 U.S. Dist. LEXIS 176673, *13-20, 2016 WL 7392214 (S.D.N.Y. Dec. 21, 2016) (granting motion to dismiss and discussing cases regarding whether New York's business registration states confer general jurisdiction post-Daimler); *Famular v. Whirlpool Corp.*, 2017 U.S. Dist. LEXIS 8265 (S.D.N.Y. Jan. 19, 2017) (same).

Plaintiff fails to plead sufficient facts to establish general jurisdiction over any of the Defendants, let alone facts that would meet the Due Process standards of *Daimler*.

### B.    Defendants Are Not Subject To Specific Personal Jurisdiction In The State of New York For Plaintiff's Claims

"Specific jurisdiction requires a connection between the forum and the underlying controversy, most often 'activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Cortlandt*, 2015 U.S. Dist. LEXIS 114533, 2015 WL 5091170, at *5 (*quoting Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011)). Plaintiff does not specify on what part, if any, of New York's long-arm statute, N.Y. C.P.L.R. ("CPLR" § 302) it relies for specific jurisdiction over the Defendants. Instead, Plaintiff makes a single-paragraph, conclusory, blunderbuss allegation of personal jurisdiction. Cmp. ¶ 14. "However, '[c]onclusory allegations are not enough to establish personal jurisdiction' and the allegations must be well-pled." *Sikhs for Justice v. Nath*, 893 F.

Supp. 2d 598, 2012 WL 4328329, at \*22 (S.D.N.Y. 2012) (*quoting Mende v. Milestone Tech.*, *Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003)). Plaintiff's conclusory allegations of personal jurisdiction are insufficient as a matter of law.

### 1.     Plaintiff Has Not Alleged Facts to Support Specific Jurisdiction Pursuant to CPLR 302(a)(1)

To establish specific jurisdiction under Section 302(a)(1), Plaintiff must allege facts demonstrating that Defendants transact business within the state of New York and that the cause of action arises from that business transaction. CPLR § 302(a)(1). Plaintiff has failed to do so, particularly relating to Rosenblit and Blitz. Other than grouping all Defendants together and alleging in conclusory form that "Defendants regularly conduct business and derive substantial revenue from customers in this District and in this State" (Cmp. ¶ 14), Plaintiff makes no factual allegations about Blitz and Rosenblit that support this conclusory allegation. The Rosenblit Declaration makes clear that Blitz and Rosenblit do not conduct business in and do not derive substantial revenue from the state of New York. Dec. ¶¶ 2-12, 18-30. Plaintiff cannot meet its burden of establishing specific jurisdiction over Blitz or Rosenblit pursuant to Section 302(a)(1).

Admittedly, specific jurisdiction over Local Access is a closer call, but Plaintiff's conclusory allegations still fail to establish specific jurisdiction over Local Access pursuant to Section 302(a)(1). Local Access makes no routing decisions in the state of New York. It does not derive substantial revenue from the state of New York. It has no offices, employees, mailing address, or phone number in the state of New York. It has some equipment in the state of New York, but that equipment is located in Plaintiff's facility. Local Access makes no routing decisions in the state of New York. Plaintiff does not allege any facts connecting purported infringements by Local Access that relate to Local Access' business transactions in the state of New York. Accordingly, although Local Access is registered to do business in the state of New

York and is a competitive exchange carrier authorized to do business in the state of New York, the Complaint fails to meet the standard for establishing specific jurisdiction under Section 302(a)(1).

### 2.    Plaintiff Has Not Alleged Facts to Support Specific Jurisdiction Pursuant to CPLR 302(a)(2)

New York courts and the Second Circuit have consistently interpreted Section 302(a) to require the physical presence of the Defendant in the state of New York when the tortious act was committed. *See Bensusan Rest. Corp. v. King*, 126 F.3d 25, 28-29 (2d Cir. 1997) (collecting cases). Plaintiff makes no factual allegations that any of the Defendants were physically present in the state of New York when committing the alleged infringements. Again, the Complaint contains only conclusory allegations that the infringement took place in the state of New York. Cmp. ¶¶ 13-14. Such conclusory allegations regarding personal jurisdiction are insufficient as a matter of law. *See Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 2012 WL 4328329, at *22 (S.D.N.Y. 2012).

### 3.    Plaintiff Has Not Alleged Facts to Support Specific Jurisdiction Pursuant to CPLR 302(a)(3)

CPLR § 302(a)(3) permits a court to exercise personal jurisdiction in cases where a non-domiciliary commits a tortious act outside the state causing injury to a person or property within the state, but only where the party (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce. CPLR § 302(a)(3).

Plaintiff's allegations also fail to establish specific jurisdiction under Section 302(a)(3). Plaintiff, a Delaware corporation headquartered in Chicago, Illinois, makes no factual allegations

that it suffered injury in the state of New York. Nor has Plaintiff alleged that any infringing sales

took place in the state of New York. This is fatal to specific jurisdiction under Section 302(a)(3)

because Defendants alleged infringement caused no injury to Plaintiff in the state of New York.[3]

Several courts have held in patent infringement cases that the situs of the injury is the place

where the infringing sale is made. *Wing Shing Products (BVI), Ltd. v. Simatelex Manufactory

Co., Ltd.*, 479 F. Supp. 2d 388, 398-401 (S.D.N.Y. 2007) (applying Federal Circuit's holding in

*Beverly Hills* to New York's long-arm statute and concluding personal jurisdiction existed

because allegedly infringing products "were made available for purchase through retailers within

the forum" of New York); s*ee, also Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d

1558, 1570-71 (Fed. Cir. 1994) (interpreting Virginia long-arm statute worded similarly to New

York's and holding as a matter of "a uniform body of Federal Circuit law in this area" that "the

situs of the injury [in a patent infringement case] is the location, or locations, at which the

infringing activity directly impacts on the interests of the patentee, here the place of the

infringing sales in Virginia"). Because Plaintiff did not suffer any injury in the state of New York,

Section 302(a)(3) does not create specific jurisdiction over Defendants.

    The Court should dismiss the Complaint pursuant to Rule 12(b)(2) for lack of jurisdiction.

## POINT II

### ALTERNATIVELY, THE COURT SHOULD DISMISS
### PLAINTIFF'S CLAIMS PURSUANT TO FED. R. CIV. PR. RULE 12(B)(6)

    In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the

complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's

favor. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). The Court's

---

[3]    Because there is no factual allegation of sales in the state of New York, the Court need not
address the other requirements of Section 302(a)(3).

function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Id.; see also Springer v. U.S. Bank Nat'l Ass'n*, No. 15-cv-1107 (JGK), 2015 U.S. Dist. LEXIS 171734, 2015 WL 9462083, at *1 (S.D.N.Y. Dec. 23, 2015).[4]

   Rule 8 provides that a defendant is entitled to notice of the claims brought against him; *Twombly* makes clear that at the pleading stage that means that each defendant is entitled to know how he is alleged to have infringed or induced infringement. *See Twombly*, 550 U.S. at 557-58. Mere generalizations as to any particular defendant – or even defendants as a group – are insufficient. *See id.* at 555-56. The fact that two separate legal entities may have a corporate affiliation – perhaps owned by the same holding company – does not alter this pleading requirement. Nor is it sufficient for plaintiffs to simply state in conclusory terms that separate legal entities are "sometimes collectively referred to" by a shared generic name. *See Capmark Fin. Grp. Inc. v. Goldman Sachs Credit Partners L.P.*, 491 B.R. 335, 347 (S.D.N.Y. 2013)

---

[4]      With the elimination of Form 18 in the amendments to the Federal Rules effective December 1, 2015, the plausibility pleading requirement of *Twombly* and *Iqbal* became the operative standard for pleading patent infringement.

("'[D]isregard of the corporate form is warranted only in extraordinary circumstances, and conclusory allegations of dominance and control will not suffice to defeat a motion to dismiss.'" (*quoting Société d'Assurance de l'Est SPRL v. Citigroup Inc.*, No. 10 CIV. 4754 JGK, 2011 U.S. Dist. LEXIS 103375, 2011 WL 4056306, at *5 (S.D.N.Y. Sept. 13, 2011))).

"Direct infringement requires a party to perform or use each and every step or element of a claimed method or product." *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378-79 (Fed. Cir. 2007). Liability for infringement requires a party to make, use, sell, or offer to sell the patented invention, meaning the entire patented invention. *Id*. at 1380; *see also NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1318 (Fed. Cir. 2005) ("A method or process consists of one or more operative steps, and, accordingly, '[i]t is well established that a patent for a method or process is not infringed unless all steps or stages of the claimed process are utilized.'") (*quoting Roberts Dairy Co. v. United States*, 208 Ct. Cl. 830, 530 F.2d 1342, 1354 (Ct. Cl. 1976)).

"In order to succeed on a claim of inducement, the patentee must show, first that there has been direct infringement, and second, that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005) (*quoting Minn. Mining & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1304-05 (Fed. Cir. 2002)). "Inducement requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009). An inducement claim requires that there be direct infringement, *C.R. Bard, Inc. v. Adv. Cardiovascular Sys., Inc.*, 911 F.2d 670, 675 (Fed Cir. 1990).

Willful infringement requires that the plaintiff plead that the defendants were "aware of the asserted patent but acted despite an objectively high likelihood that [their] actions constituted infringement of a valid patent." *Paone* v. *Broadcom Corp.*, 2015 U.S. Dist. LEXIS 109725, 2015 WL 4988279, (E.D.N.Y. Aug. 19, 2015) at *14 (citations omitted).

Plaintiff's allegations of patent infringement are too vague and conclusory and must be dismissed. Plaintiff makes general allegations of infringement by "Defendants". Cmp. ¶¶ 13-14. Recognizing that it cannot allege that each of the Defendants utilized each and every one of the steps of the claimed process, Plaintiff makes some general allegations that Blitz and Local Access acted together and their actions should be attributable to each other. Cmp. ¶¶ 17-21. Plaintiff provides no factual basis for pleading joint liability or for ignoring the separate corporate structures of Blitz and Local Access. In fact, Plaintiff knows from the Florida Litigations that such conclusory allegations are simply not true. Without the legal legerdemain of joint conduct by Blitz and Local Access, Plaintiff has failed to meet its burden of pleading patent infringement by each of them. The Court should dismiss the counts against Blitz and Local Access for direct infringement.

Plaintiff's two counts against Rosenblit for inducing infringement should also be dismissed. Other than the conclusory statement that Rosenblit knew about Plaintiff's patents, Plaintiff pleads no factual allegations to support such knowledge or any specific intent by Rosenblit to induce anyone to infringe Plaintiff's patents. There is no allegation that Plaintiff put any of the Defendants on notice about its patents or that any of the Defendants were infringing Plaintiff's patents in any way. Plaintiff sent Defendants no letters. Nor has Plaintiff raised the issue of infringement in any of the Florida Litigations. Plaintiff does not allege any facts that would have made Defendants aware of Plaintiff's patented technology. Nor is there any reason

for Defendants to have believed they were infringing Plaintiff's patents. Neither Blitz nor

Rosenblit provide multi-homing tandem access and Local Access has a contract *with Plaintiff* for

multi-homed tandem access. Plaintiff's conclusory allegations about knowledge are insufficient

and the Court should dismiss the counts against Rosenblit for inducing infringement.

Plaintiff's allegations of willful infringement are also fatally flawed. Other than

mimicking language from caselaw about "knowledge" of the patent and "objectively high

likelihood that the sale, use and provision of the accused services would infringe", Plaintiff

makes no factual allegations to support such conclusory statements. *See* Cmp. ¶¶ 30, 39, 51 and

60.

Not only are Plaintiff's allegations so vague that Defendants cannot determine how they

infringed Plaintiff's patents (if at all), Defendants cannot even determine what Plaintiff's patents

cover other than the abstract concept that multiple calls can be routed to the same endpoint. Such

an abstract concept is unpatentable and another basis for dismissal of Plaintiff's Complaint. *See*

*Affinity Labs of Tex. v. DIRECTV, LLC*, 838 F.3d 1253, 1257-1258, 2016 U.S. App. LEXIS

17371, *7-9, 120 U.S.P.Q.2D (BNA) 1201, 1203-1204 (Fed. Cir. Sept. 23, 2016). *See also* 35

U.S.C. § 101.

## POINT III

### ALTERNATIVELY, THE COURT SHOULD REQUIRE PLAINTIFF TO PROVIDE A MORE DEFINITE STATEMENT PURSUANT TO RULE 12(E)

Fed. R. Civ. P. 12(e) provides, in part, that:

> A party may move for a more definite statement of a pleading to which a
> responsive pleading is allowed but which is so vague or ambiguous that the party
> cannot reasonably prepare a response.

Fed. R. Civ. P. 12(e). Although generally disfavored, requests for a more definite statement are

appropriate where Defendants cannot reasonably be required to respond to a Complaint because

its allegations are so vague. *Tooker v. Guerrera*, 2011 U.S. Dist. LEXIS 100252, *1-2, 2011 WL 3949820 (E.D.N.Y. Sept. 6, 2011) (granting motion for more definite statement). Plaintiff's Complaint falls within the minority of cases warranting a more definite statement. The allegations in the Complaint are so vague that Defendants cannot meaningfully respond to the Complaint because they do not know what Plaintiff is claiming. Plaintiff compounds the conclusory, vague allegations by grouping all Defendants together – even though it knows from the Florida Litigations that at least two of the Defendants have nothing to do with multi-homed tandem access. Plaintiff fails to provide any dates about when the alleged infringements took place or how each Defendant infringed each step of the patented method. Defendants are entitled to know the claims against them and Plaintiff should be required to provide a more definite statement.

## POINT IV

### ALTERNATIVELY, THE COURT SHOULD DISMISS
### PLAINTIFF'S CLAIMS PURSUANT TO RULE 12(B)(3)

On a motion to dismiss a complaint under Rule 12(b)(3) for improper venue, "the plaintiff bears the burden of establishing that venue is proper." *French Transit v. Modern Coupon Sys.*, 858 F. Supp. 22, 25 (S.D.N.Y. 1994). A court applies the same standard of review in Rule 12(b)(3) dismissals as Rule 12(b)(2) dismissals for lack of personal jurisdiction. *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005). Whether or not to dismiss an action for improper venue is in the district court's sound discretion. *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993). On such a motion, the plaintiff has the burden of showing that venue in the forum district is proper. *Solow Bldg. Co. v. ATC Assocs., Inc.*, 175 F. Supp. 2d 465, 469 (E.D.N.Y. 2001).

Venue is improper in the Southern District of New York. None of the Defendants reside in the state of New York. None of the Defendants have a regular and established place of business in the state of New York. Rosenblit makes no routing decisions and the routing decisions by Blitz and Local Access are made outside of the state of New York. To the extent that Plaintiff is claiming that Defendants' routing decisions infringed Plaintiff's multi-homing tandem access patents,[5] those alleged acts of infringement took place outside of the Southern District of New York. Plaintiff has failed to make any factual allegations that warrant its selection of venue in this district. Cmp. ¶ 13 (alleging venue based on 28 U.S.C. §§ 1391(b), (c) and 1400(b). Accordingly, the Court should dismiss the Complaint pursuant to Rule 12(b) (3).

## POINT V

## ALTERNATIVELY, THE COURT SHOULD TRANSFER THIS ACTION TO THE MIDDLE DISTRICT OF FLORIDA PURSUANT TO 28 U.S.C. § 1404

The Court should transfer this action to the Middle District of Florida where there is a pending action between the parties.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Transfer is appropriate only if "(a) the transferee district would be a proper venue and would have had personal jurisdiction over the defendant at the time the plaintiff commenced the action; and (b) transfer is deemed appropriate after 'considering the convenience of the parties and witnesses, and the interest of justice.'" *New Asia Enters. Ltd.*, 2014 U.S. Dist. LEXIS 112438, 2014 WL 3950901, at *7 (*quoting Balance Point Divorce Funding, LLC v. Scrantom*, 978 F. Supp. 2d 341, 355 (S.D.N.Y. 2013)). *See also Multiwave Sensor Inc. v.*

---

[5]     Again, because the allegations in the Complaint are so vague and conclusory, Defendants cannot reasonably determine how or when they were allegedly infringing Plaintiff's patents.

*Sunsight Instruments, LLC*, 2017 U.S. Dist. LEXIS 64404, Civ. No. 16-cv-1361 (GHW)

(S.D.N.Y. April 26, 2017) (transferring action to Middle District of Florida where another case

pending between parties).

Venue is clearly proper in the Middle District of Florida where all Defendants are

located. *See* 28 U.S.C. 1391.

In evaluating a motion to transfer venue, the Court should consider several factors,

including:

> (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the
> location of relevant documents and the relative ease of access to sources of proof;
> (4) the locus of operative facts; (5) the availability of process to compel the
> attendance of unwilling witnesses; (6) the relative means of the parties; (7) the
> forum's familiarity with the governing law; (8) the weight accorded the plaintiff's
> choice of forum; and (9) trial efficiency and the interests of justice.

*Multiwave,* 2017 U.S. Dist. LEXIS 64404 at *17 (internal quotes and cite omitted).

Overall, these factors are strongly in favor of transfer. Defendants, documents, and

witnesses are located in Florida. Dec. ¶¶ 2, 14, 15, 37, 38. The convenience of three Defendants

outweighs the convenience of Plaintiff – particularly where there are serious questions as to

whether personal jurisdiction exists over the Defendants in New York. Judicial economy

strongly favors transfer. There is a pending action between the parties before Judge Byron in the

Middle District of Florida. Judge Byron is fully familiar with the nature of the parties, their

respective businesses and the contracts between the parties, having presided over a jury trial in

an action between Blitz and Peerless Network, Inc. and having decided summary judgment

motions by Blitz, Local Access and Peerless Network, Inc. in two actions. Dec. ¶¶ 50-52. By its

own allegations, Plaintiff is "a leader in the telecommunications innovation" and serves "over 70

U.S. markets." Cmp. ¶¶ 1-2. As such, Plaintiff presumably has more means than Defendants,

especially Rosenblit. The only factor that weighs in favor of Plaintiff is its choice of forum.

However, Plaintiff is a Delaware corporation headquartered in Chicago and has not alleged any ties to New York. Cmp. ¶ 8. As such, Plaintiff's choice of forum should be discounted as a factor. *See Pausch Med. GmbH v. Pausch LLC*, 2015 U.S. Dist. LEXIS 22344 at *3, 2015 WL 783365 ("[S]ince New York is not Plaintiff's home district, little weight is afforded to its choice to litigate in this District."). The remaining factors are either neutral or slightly favoring Defendants.

Given how many factors strongly favor transfer to the Middle District of Florida and only one factor (which should be discounted) favors keeping the action in this District, the Court should transfer this action to the Middle District of Florida.

## **CONCLUSION**

For the foregoing reasons, this Court should grant Defendants' Motion to Dismiss, or, in the alternative, require Plaintiff to provide a more definite statement, or, transfer this action to the Middle District of Florida.

Dated: New York, New York
       May 3, 2017

                                        Respectfully submitted,

                                        VALLIERE L.L.C.


                                        By:_____s/_____
                                                  Timothy A. Valliere, Esq.

                                        43 West 43rd Street, Suite 70
                                        New York, New York 10036
                                        (212) 755-5219 Telephone
                                        (973) 542-8486 Facsimile
                                        tvalliere@tavlaw.com

                                        *Attorneys for Defendants*
                                        *Blitz Telecom Consulting, LLC, Local*
                                        *Access LLC and Neil Rosenblit*

19